# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 23-1146, Gooch v. Cebridge Acquisition, LLC et al. |
| **Originating No. & Caption** | 2:22-cv-0184, Gooch v. Cebridge Acquisition, LLC et al. |
| **Originating Court/Agency** | Southern District of West Virginia |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 9 U.S.C. 16 | | |
| Time allowed for filing in Court of Appeals | | | |
| Date of entry of order or judgment appealed | 1/25/2023 | | |
| Date notice of appeal or petition for review filed | 2/7/2023 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ○ Yes | ⦿ No |
| If appeal is not from final judgment, why is order appealable? Appellants appeal from an order denying their motion to compel arbitration and to stay the litigation, which is immediately appealable under Section 16(a) of the Federal Arbitration Act, 9 U.S.C. 16(a). | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ⦿ Yes | ○ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | None | |
| Case number of any pending appeal in same case | None | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | No. 23-1142 & No. 23-1145 | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiff Roxie Gooch filed this lawsuit asserting state-law claims relating to the reliability of her internet service. Defendants-appellants moved under the Federal Arbitration Act to compel arbitration and to stay Gooch's claims based on the arbitration clause in the Residential Services Agreement (RSA) governing her service. In their motion, defendants explained that Gooch agreed to different versions of the RSA on numerous occasions—including when her service was first installed, during subsequent service visits, and when paying her monthly bills.<br><br>The district court held that Gooch agreed only to the version of the RSA that was in effect in 2017 when she first obtained internet service. The district court then determined that the 2017 contract was procedurally and substantively unconscionable under West Virginia law. The district court declined to sever the portions of the arbitration agreement that it deemed problematic and instead refused to enforce the arbitration agreement in its entirety.<br><br>Defendants-appellants timely appealed under Section 16(a) of the Federal Arbitration Act. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| (1) Whether the district court erred when it held that Gooch agreed only to the 2017 version of the RSA, and not any later version.<br><br>(2) Whether the district court erred in sua sponte raising arguments against the enforceability of the arbitration provision that were never raised by Gooch, the party opposing arbitration.<br><br>(3) Whether the district court erred when it held that the arbitration provision in the 2017 version of the RSA is unconscionable and unenforceable under West Virginia law.<br><br>(4) Whether the Federal Arbitration Act preempts the district court's application of West Virginia unconscionability doctrine.<br><br>(5) Whether the district court erred in refusing to sever the portions of the arbitration agreement it deemed problematic and enforce the remainder of Gooch's arbitration agreement according to its terms. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Roxie Gooch | Adverse Party: |
| Attorney: Charles R. Webb<br>Address: The Webb Law Center<br>716 Lee Street East<br>Charleston, WV 25301 | Attorney:<br>Address: |
| E-mail: rusty@rustywebb.com | E-mail: |
| Phone: 304-344-9322 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Cebridge Acquisition, LLC<br><br>Attorney: Archis A. Parasharami<br>Address: Mayer Brown LLP<br>1999 K Street NW<br>Washington, DC 20006<br><br>E-mail: aparasharami@mayerbrown.com<br><br>Phone: 202-263-3328 | Name: Cequel III Communications I, LLC<br><br>Attorney: Archis A. Parasharami<br>Address: Mayer Brown LLP<br>1999 K Street NW<br>Washington, DC 20006<br><br>E-mail: aparasharami@mayerbrown.com<br><br>Phone: 202-263-3328 |
| **Appellant (continued)** ||
| Name: Cequel III Communciations II, LLC<br><br>Attorney: Archis A. Parasharami<br>Address: Mayer Brown LLP<br>1999 K Street NW<br>Washington, DC 20006<br><br>E-mail: aparasharami@mayerbrown.com<br><br>Phone: 202-263-3328 | Name: Altice USA, Inc.<br><br>Attorney: Archis A. Parasharami<br>Address: Mayer Brown LLP<br>1999 K Street NW<br>Washington, DC 20006<br><br>E-mail: aparasharami@mayerbrown.com<br><br>Phone: 202-263-3328 |

Signature: /s Archis A. Parasharami    Date: 2/21/2023

Counsel for: Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:    Date:

**Additional Counsel for Plaintiff-Appellee Roxie Gooch**

Dennis C. Taylor
Law Office of Dennis Taylor
831 Fourth Ave., Suite 201
Huntington, WV 25701
dennis@dennistaylorlaw.com
304-541-0332

Talcott C. Franklin
Franklin Scott Conway
1629 K St., Suite 300
Washington, DC 20006
tal@talcottfranklin.com
214-642-9191